IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

IN RE:

MARIO ANTONIO FELIX VELAZQUEZ

Debtor

_____

MARIO ANTONIO FELIX VELAZQUEZ

Plaintiff

v.

JOHN HILL'S CONSTRUCTION OF VIEQUES, INC.; JOHN HILL DE JESUS; JH VIEQUES CONSTRUCTION, LLC

Defendants

CASE NO. 20-03944 (MCF)

CHAPTER 13

ADVERSARY CASE NO. 21-00106

## **OPINION AND ORDER**

The Plaintiff filed a two-count complaint that was subsequently amended seeking damages under the Bill of Rights for the Elderly Person of the Commonwealth of Puerto Rico and disgorgement of proceeds under the Puerto Rico equitable remedy of unjust enrichment.[1] Docket Nos. 1 & 6. The Defendants did not timely answer the amended complaint and the court entered

---

[1] The complaint was amended to include a new co-defendant, JH Vieques Construction, LLC.

-1-

default against them after the Plaintiff requested the entries. Docket Nos. 14, 15, 16, 17, 18 & 19. The Plaintiff then moved for default judgment against the Defendants. Docket Nos. 25, 26 & 27. Upon careful review of the complaint and the remedies requested therein, the court ordered the Plaintiff to file a legal memorandum in support of the remedies he seeks. Docket No. 32. The Plaintiff complied. Docket No. 41. The court must decide whether to enter default judgment against the Defendants.

Count I – Violation of the Bill of Rights for the Elderly Person

The Plaintiff alleges that the Bill of Rights for Elderly Persons of the Commonwealth of Puerto Rico guarantees "'[t]he protection of their physical or mental health and their property against threats, harassment, coercion, or disturbance by any natural or judicial person, including financial exploitation." Docket No. 41 at 3 (citing 8 L.P.R.A. § 341(e)). The Plaintiff contends that this law prohibits financial exploitation, which is defined under the statute as an improper use of the elderly person's fund, property or resource through fraud, false pretenses, embezzlement, conspiracy, forgery, falsification of records, coercion, property transfers or denial of access to assets. Id. (citing 8 L.P.R.A. § 342(k)). The Plaintiff points to the facts of the amended complaint to conclude that under those sets of facts, Co-defendant John Hill, who is the Plaintiff's son-in-law, manipulated him into paying off a loan for which the son-in-law was responsible. Id. This was achieved by convincing the Plaintiff to execute a loan agreement with Banco Popular de Puerto Rico ("BPPR") and pledging his primary residence as collateral. Id. at 3-4. The son-in-law and BPPR (who is not a party in this complaint) benefitted from the alleged manipulation of the Plaintiff because the son-in-law was released from financial responsibility and the bank avoided losing thousands of dollars. Docket No. 6 at 4. The Plaintiff concludes that this conduct warrants damages under the Bill of Rights of the Elderly Persons. Docket No. 41 at 4. We disagree.

Under Fed. R. Civ. P. 12(h)(3), a court must dismiss the action if it determines that it lacks subject-matter jurisdiction. The court can enter this dismissal sua sponte. Fountain v. Karim, 838 F.3d 129, n.5 (2d Cir. 2016). The bankruptcy court has its jurisdiction split into core proceedings and noncore proceedings. 28 U.S.C. § 157. Core proceedings are cases that arise under the Bankruptcy Code or arise in a case under the Bankruptcy Code. Stern v. Marshall, 564 U.S. 462, 474 (2011). On the other hand, noncore proceedings concern civil cases that are deemed "related to" when they have a potential effect on the bankruptcy estate. In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991). "This broad jurisdiction grant allows the bankruptcy courts to deal efficiently

-2-

and expeditiously with all matters connected with the bankruptcy estate." Gupta v. Quincy Med. Ctr., 858 F.3d 657, 662 (1st Cir. 2017).

Count I of the amended complaint, a violation of the Plaintiff's rights as an elderly person under Puerto Rico law, is a noncore issue and does not relate to the bankruptcy estate. A review of the Bill of Rights for the Elderly Person of the Commonwealth of Puerto Rico, Act 121 of August 1, 2019, 8 L.P.R.A. §§ 1511-1534, does not show that this statute provides for award of monetary damages. The law simply states the Commonwealth of Puerto Rico's public policy regarding elderly people, establishes rights regarding this population as defined therein, duties and responsibilities of an elderly person's family and of the government, the remedy of a restraining order, and the responsibility of financial institutions to report apparent financial exploitation of elderly people. 8 L.P.R.A. §§ 1511-1534.

The bankruptcy court does not enforce the public policy of the Commonwealth of Puerto Rico, with respect to the duties, and responsibilities of an elderly person's family and/or to enter a restraining order against another party under the guidelines given by the statute. The bankruptcy court's role is to oversee matters concerning the administration of the estate; allowance or disallowance of claims against the estate; exemptions from property of the estate; estimation of claims or interests for the purposes of confirming a chapter 11, 12 or 13 plan; and other core matters. 28 U.S.C. § 157(b)(2). Cases that are noncore may be heard by the bankruptcy court if they are related to the bankruptcy proceeding. 28 U.S.C. § 157(c)(1). While the Bill of Rights for the Elderly Person imposes obligations on financial institutions, we cannot afford any remedy at this juncture because the Defendants are not financial institutions. Consequently, the court will not enter a default judgment against the Defendants under Count I.

<u>Count II – Unjust Enrichment</u>

To prove unjust enrichment, the Plaintiff argues that the following factors must be present: (1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding application of enrichment without cause. Docket No. 41 at 4-5 (citing Montalvo v. LT's Benjamin Records, Inc., 56 F. Supp. 3d 121, 136 (D.P.R. 2014)). The Plaintiff contends that he satisfies these factors because: "(1) Defendants have enriched themselves by obtaining a loan from the BPPR, (2) the Plaintiff has loss money by making monthly payment for the loan that was taken for the benefit of the Defendants and having to file a bankruptcy petition to save his residence, (3) there is a direct relation between

-3-

the Plaintiff's economic losses and the Defendants' enrichment, (4) there is no valid cause for the enrichment due to the unlawful conduct of the Defendants, (5) there is no legal precept that would exclude the application of enrichment without cause." Id. at 5.

This court has previously ruled that the equitable doctrine of unjust enrichment in Puerto Rico is inapplicable when a contract between the parties exists. Insite Corp. v. Walsh Constr. Co. P.R. (In re Insite Corp.), Adv. Proc. 12-00281 (MCF), Docket No. 219 at 6, 2021 Bankr. LEXIS 2186 at 11 (Bankr. D.P.R. 2021)(citing Jose Garriga Hijo, Inc. v. Condominio Marbella del Caribe Oeste y Otros, 143 D.P.R. 927, 934, (1997), aff'd, 2022 U.S. Dist. LEXIS 179232 (D.P.R. Sept. 29, 2022)). This appears to be the case here. The Plaintiff alleged in the amended complaint that relying on his son-in-law's promises he entered into the loan agreement on August 26, 2004. Docket No. 6 at 4. The Plaintiff further alleged that the son-in-law promised to make every single payment under the terms of the loan. Id.

When the Plaintiff executed the loan agreement relying on his son-in-law's promises, the Puerto Rico Civil Code of 1930 was in effect. Under this version of the Civil Code, contracts were regarded binding "whatever may be the form in which they may have been executed." 31 L.P.R.A. § 3451 (repealed).[2] The Puerto Rico Justice Department's Official Opinions viewed that "verbal contracts have as much validity as written ones." 1967 Op. Sec. Jus. No. 6. The Court of Appeals for the First Circuit has adopted this interpretation. Rojas-Buscaglia v. Taburno-Vasarhelyi, 897 F.3d 15, 27 (1st Cir. 2018)("[p]ursuant to Puerto Rico law, verbal contracts are valid and enforceable").

From the facts alleged in the amended complaint, it is apparent that Plaintiff and his son-in-law reached a valid verbal agreement under Puerto Rico law to extinguish the son-in-law's debt. Under the Civil Code of 1930, a third-party payor was authorized to satisfy a debt of a debtor with or without the debtor's consent. 31 L.P.R.A. § 3162 (repealed).[3] The complaint as alleged, indicates that the son-in-law consented to the Plaintiff paying his debt off as a third-party payor. This situation triggers the Civil Code's action for recovery by the third-party payor as discussed in the statute. Id. It follows that an equitable remedy cannot be applied because there is an apparent verbal contract between the parties and there is a legal remedy of recovery under the Puerto Rico Civil Code of 1930, which was the controlling law at the time the events alleged herein occurred.

---

[2] The Puerto Rico Civil Code of 2020 maintained this principle in Article 277. 31 L.P.R.A. § 6161.
[3] Incorporated to the Puerto Rico Civil Code of 2020 under Article 1120. 31 L.P.R.A. § 9151.

Sua sponte dismissal under Fed. R. Civ. P. 12(b)(6) must be used sparingly and is appropriate when the plaintiff will not prevail and amending the complaint is futile. Jiménez-Tapia v. Santander Bank, 257 F. Supp. 3d 193, 198 (D.P.R. 2017). Because there is a contract and possible causes of action under the Puerto Rico Civil Code of 1930 or the Puerto Rico Civil Code of 2020, the Plaintiff is barred from asserting an equitable remedy under the unjust enrichment doctrine. This is a matter that must be considered by the courts of Puerto Rico. The court cannot enter a default judgment against the Defendants. As such, in the interest of comity and respect for Puerto Rico law, this court will exercise permissive abstention under 28 U.S.C. § 1334(c)(1). Count II of the amended complaint is dismissed without prejudice to allow the Plaintiff to prosecute his case under Puerto Rico law in the local courts.

Conclusion

For the above reasons, the court denies the motion for default judgment. Accordingly, the amended complaint is dismissed under Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of December, 2022.

MILDRED CABAN FLORES
United States Bankruptcy Judge

-5-